# UNITED STATES DISTRICT COURT
for the
Northern District of New York

United States of America
v.

**MANUEL CARRASCO**
*Defendant(s)*

Case No. 5:11-MJ-474 (DEP)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of November 5, 2011 in the county of Oneida in the Northern District of New York, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §1326(a)(1) and (b)(2) | Reentry of deported aggravated felon alien. |

This criminal complaint is based on these facts:

See Attached Affidavit

x Continued on the attached sheet.

_____
*Complainant's signature*

Agent Alvi Castro, ICE
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Nov 9, 2011

_____
*Judge's signature*

City and state: Syracuse, New York

Hon. David E. Peebles, U.S. Magistrate Judge
*Printed name and title*

FILED NOV 09 2011
Lawrence K. Baerman, Clerk- Syracuse

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

State of New York   )
County of Onondaga  ) SS:
City of Syracuse    )

Alvi J. Castro, being duly sworn, deposes and says that:

1. I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, hereafter referred to as ICE, and have been so employed for 15 years.

2. As a part of my duties during my employment with the ICE, I investigate violations of the Immigration and Nationality Act and violations of the United States Code, in particular Title 8, United States Code, Section 1326(a) &(b)(2), regarding the re-entry of previously deported or removed aliens.

3. This affidavit is based upon my own knowledge, my review of official records of the former Immigration and Naturalization Service (INS) and current ICE and upon information that I obtained from other law enforcement officers involved with this investigation.

4.   I make this affidavit in support of the annexed Criminal Complaint charging MANUEL CARRASCO with a violation of Title 8, United States Code, Section 1326(a) &(b)(2), regarding the reentry of a previously deported alien after the commission of an aggravated felony.

5.   Since this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only facts that I believe are necessary to establish probable cause to demonstrate that MANUEL CARRASCO has violated Title 8, United States Code, Section 1326(a)&(b)(2).

6.   On November 05, 2011, MANUEL CARRASCO, a previously deported alien, was encountered by ICE at the Utica, New York Police Department following his arrest for Assault with intent to cause physical injuries with a weapon; Reckless endangerment 2nd; Aggravated unlicensed of a vehicle 3rd; and leaving the scene of a property damage accident, in violations of New York States Penal Law Sections 120.05 sub 02; 120.20; 265.02 sub (01); respectively and violations of the New York State Vehicle

and Traffic Laws, Sections 0600/01A and 0511/01 respectively.

7. On November 06, 2011, ICE obtained a set of CARRASCO's fingerprints from the Utica, New York Police Department that were taken after his arrest on November 05, 2011. This set of fingerprints were electronically submitted to the Federal Bureau of Investigation, Identification Division, in Clarksburg, West Virginia, via the Integrated Automated Fingerprint Identification System (IAFIS). This set of fingerprints produced a positive biometric match with an Alien Registration Number (XXX-XXX-769) and an FBI number (XXXXXX-KB9) relating to a MANUEL CARRASCO, a native and citizen of the Dominican Republic.

8. A review of the documents contained in the Alien Registration file (A-file) for MANUEL CARRASCO revealed the following:

    a. On July 17, 2000, an Immigration Judge in Napanoch, New York ordered the defendant MANUEL CARRASCO to be removed from the United States to the Dominican Republic. On April 25, 2001, MANUEL CARRASCO was physically removed from the United States to the Dominican Republic pursuant to that Order. At the time of his departure, the defendant was provided with Immigration Form I-294, advising him that he would be in violation

3

of Title 8, United States Code, Section 1326, if he entered, attempted to enter, or was found in the United States without the permission of the United States Attorney General or his Successor, the Secretary of Homeland Security.

b. Thereafter, the defendant MANUEL CARRASCO was encountered again in the United States on or about July 19, 2002 at or near San Juan Puerto Rico as a Stowaway on board M/V Splits that had arrived from the Rio Haina, Dominican Republic. MANUEL CARRASCO was arrested by Agents from the former Immigration and Naturalization Services (INS). He was processed as a reinstatement of a prior order of removal (FORM I-871). The defendant MANUEL CARRASCO was also criminally prosecuted for violating Title 8, United States Code, Section 1326(a)&(b)(2) reentry of a Deported alien subsequent to a conviction for the commission of an aggravated felony.

c. On or about March 21, 2003, the defendant MANUEL CARRASCO was convicted of violating Title 8, United States Code, Section 1326(a)&(b)(2) and he was sentenced to forty six (46) months in the custody of the United States Bureau of Prisons and a term of supervised released of 3 years.

d. After the completion of the defendant's incarceration with the United States Bureau of Prisons he was again removed from the United States to the Dominican Republic on or about February 08, 2006, on board American Airline flight number 699 destined to Santo Domingo, Dominican Republic from the Luis Marine Muno International Airport, in San Juan, Puerto Rico. At the time of his departure, the defendant was again provided with Immigration Form I-294, advising him that he would be in violation of Title 8, United States Code, Section 1326, if he entered, attempted to enter, or was found in the United States without the permission of the United States Attorney General or his Successor, the Secretary of Homeland Security.

4

8. Record checks also revealed that the defendant MANUEL CARRASCO was convicted on or about March 15, 2000, in the Supreme Court of the State of New York, County of New York; of the offense of Criminal Possession of a Controlled Substance with Intent to Sell in violation of the New York State Penal Section 220.16 Sub 01, a Class B Felony. This conviction is classified as an Aggravated Felony as defined in section 1101(a)(43)(B) of the Immigration and Nationality Act.

9. Based on the above referenced immigration record checks; MANUEL CARRASCO has no valid immigration status in the United States and is illegally present. In addition, there is no evidence of any authorization or approval from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, for MANUEL CARRASCO to have re-entered the United States after his last removal.

WHEREFORE, it is respectfully submitted that probable cause exists to believe that MANUEL CARRASCO did commit the offense of re-entry after deportation or removal, in violation of Title 8,

United States Code, Section 1326(a)&(b)(2), in that he, a citizen and native of the Dominican Republic, having been ordered removed from the United States on July 17, 2000 and having been physically removed from the United States on July April 25, 2001, and February 08, 2006, subsequent to an aggravated felony conviction was thereafter found present in the Northern District of New York on November 05, 2011, without prior authorization or approval from the Attorney General of the United States or the Secretary of the Department of Homeland Security.

_____
Alvi J. Castro
Deportation Officer
Immigration and Customs
Enforcement

Sworn to before me
This 9th day of November 2011

_____
Hon. David E. Peebles
UNITED STATES MAGISTRATE JUDGE

6